Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of fish scales similar in all material respects to those the subject of *United States* v. *Edward I. Petow & Son* (34 C. C. P. A. 55, C. A. D. 343). In accordance with stipulation and following the decision cited the claim for free entry under paragraph 1677 was sustained.

**No. 51989.**—Galsworthy, Inc., et al. *v.* United States, protests 118288–K, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 51990.**—American Distilling Co., Inc. *v.* United States, protest 126479–K/909 (Chicago).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51991.**—Jas. M. McCunn & Co., Inc., et al. *v.* United States, protests 120180–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it pertains to the quantities reported by the inspector as not landed, is subject to an allowance in duties and internal revenue taxes. The protests were sustained to this extent.